IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| LINROD NATHANIEL RILEY, | ) Civil Action No. 3:10-2826-RMG-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) **REPORT AND RECOMMENDATION** |
| MICHAEL POPE, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

This action has been filed by the Plaintiff, *pro se*, pursuant to 42 U.S.C. § 1983.  Plaintiff, who at the time this action was filed, was an inmate at the Evans Correctional Institution, alleges violations of his constitutional rights by the named Defendant.

On January 31, 2011, the Court's mailing to the Plaintiff of a notice of case reassignment was returned to the Court marked "Return to Sender,  No Longer at this Address, Unable to Forward. " The undersigned notes that when Plaintiff filed this action, he was specifically instructed as follows:

> You are ordered to always keep the Clerk of Court advised **in writing...**if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you.  If as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, <u>your case may be dismissed for violating this order</u>.  Therefore, if you have a change of address before this case has ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address....**Your failure to do so will not be excused by the Court.** (emphasis added)

*See* Order filed December 16, 2010.

Plaintiff has failed to provide the Court with a current mailing address, and as a result neither the Court nor the Defendant[1] have any means of contacting him concerning his case.

Based on the foregoing, it is recommended that this action be **dismissed**, **with prejudice**, for failure to prosecute in accordance with Rule 41(b), Fed.R.Civ.P.  The Clerk is directed to send this Report and Recommendation to Plaintiff at his last known address.

**If the Plaintiff notifies the Court within the time set forth for filing objections to this Report and Recommendation that he wishes to continue with this case and provides a current address, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.  If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition.**

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

May 6, 2011

**The parties are referred to the Notice Page attached hereto.**

---

[1]A review of the docket reveals that there is no record that the Defendant, Michael Pope, has ever been served with the summons and complaint.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).